UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JORGE GONZALES OSEGUERA,<br><br>Defendant. | Case No. CR03-5638FDB<br><br>ORDER DENYING PETITION<br>TO MODIFY JUDGMENT OF<br>SPECIAL ASSESSMENT |

Before the court is the petition of Defendant Jorge Gonzales Oseguera seeking modification of the $200 special assessment portion of the judgment imposed on April 23, 2004. Defendant claims that since his sentencing and incarceration that his economic situation has changed dramatically. The court, having review the petition, response of the government, and balance of the record, finds that a change in the defendant's payment schedule is not warranted.

I.

On January 8, 2004, defendant pled guilty to Use of a Communication Facility, in violation of Title 21, U.S.C. §§ 843(b) and (d) and Alien in Possession of a Firearm, in violation of Title 18 U.S.C. §§ 922(g) and 924(a)(2). On April 23, 2004, defendant was sentenced to 48 months in prison, two years supervised release, $0 fine, $0 restitution and a $200 special assessment.

Defendant has paid $75 of his $200 debt since he was imprisoned ($25 on November 4, 2005; $25 on December 20, 2005; and $25 on January 30, 2006). The Bureau of Prisons' records indicate that defendant will be released from prison on March 20, 2007.

ORDER - 1

II.

The Inmate Financial Responsibility Program (IFRP) is controlled by 28 CFR § 545 et. seq. The program provides for the voluntary payment of restitution by an inmate during his term of incarceration and entitles the inmate to certain privileges. Failure to participate in the program conversely results in the imposition of certain restrictions. Defendant claims that his current pay schedule of $25.00 every three months will be increased to $50.00 every three months and if he does not keep current in these payments, he will lose privileges at the Hobby Shop, be limited to spending $25.00 a month at the commissary, will be placed on maintenance pay of $5.25 per month, will get the least desirable bed in the unit, will get a "poor" rating, will get no "release gratuity," and will have no incentive for participating in a substance abuse class. In addition, defendant claims that there are no jobs in his institution which would enable him to pay the proposed increase. defendant also claims that his family can no longer send him funds.

Defendant has provided the court with an inmate time sheet indicating that he earned $36.54 in January, 2006.

III.

18 U.S.C. § provides, in relevant part:

> Upon receipt of the notification [of a material change in the defendant's financial economic circumstances] the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require. 18 U.S.C. § 3664(k) (emphasis added).

Defendant has failed to establish that his circumstances have changed so dramatically as to cause the court to order a lesser payment plan. Defendant's alternative plan, to pay the money after he is released, is also unacceptable. Even at the anticipated increased payment rate of $16.66 per month, it is unlikely defendant will pay the balance before leaving prison or prior to being deported to his native land of Mexico. Although the court has twenty years to collect the debt, the likelihood of success in collection is very small if defendant is deported beyond the court's jurisdiction.

ORDER - 2

IV.

Defendant has failed to demonstrate any material change in his financial circumstances warranting an adjustment in the payment schedule. The court does not find a material change resulting from a potential loss of privileges under the IFRP when it is defendant's voluntary participation in the program that enables him to earn sufficient funds to meet his obligation.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's petition to modify sentencing/restitution (Dkt.#119) is **DENIED**.

DATED this 30th day of March, 2006

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3